In the Matter of the Judicial Settlement of the Account of GEORGE WEAVER, as Executor, etc., of REUBEN H. WEAVER, Deceased.

ETHEL D. WEAVER, Appellant; GEORGE WEAVER, Executor, Respondent.

*Surrogate — settlement of accounts — jurisdiction.*

Appeal from an order of the Surrogate's Court, entered on the 8th day of March, 1913, denying the appellant's motion to set aside a decree settling the account of George Weaver as executor, etc.

PER CURIAM: The judgment entered in the action in this court wherein this appellant was plaintiff and this respondent was defendant established nothing more than that the *decree* of the surrogate entered on the accounting of the respondent in the Surrogate's Court was not *procured* by fraud, and so was good until set aside. The merits of the issues involved in the proceeding in which the surrogate's decree was made were not involved in the action in this court, and, hence, appellant, as to such issues, was not concluded by the judgment therein. Nor is this the result affected by the fact that the Supreme Court had coordinate jurisdiction with the Surrogate's Court to settle the executor's account, inasmuch as the decree of that of the two courts which first assumed jurisdiction would be binding upon

the other and an effectual bar to a second action. Upon the merits of the order appealed from, we are not satisfied with the decision made by the learned surrogate. Without intending to express any opinion upon the facts as they may ultimately appear, we think there was sufficient in the moving papers to have induced the learned surrogate to grant appellant's motion to set aside the decree settling respondent's accounts, and to give appellant a day in court to prove whatever facts she can, justifying a resettling of such accounts. The order should be reversed, with ten dollars costs and disbursements, the motion granted, and the proceedings remitted to the surrogate to proceed in accordance with this opinion. Present — Ingraham, P. J., Clarke, Scott, Dowling and Hotchkiss, JJ. (Dowling, J., dissented.) Order reversed, with ten dollars costs and disbursements, motion granted and proceedings remitted to Surrogate's Court as stated in opinion. Order to be settled on notice.